UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HISHAM SLITI**, *et al.*, | ) <br> ) <br> ) |
| Petitioners, | ) <br> ) |
| v. | )    Civ. Action No. 05-429 (RJL) <br> ) |
| **GEORGE WALKER BUSH**, *et al.*, | ) <br> ) |
| Respondents. | ) |

MEMORANDUM OPINION AND ORDER
(August 28, 2005) [# 13, 15]

Presently before the Court is petitioner Sami al Laithi's[1] ("petitioner") motion for a preliminary injunction [#15] seeking to prevent the respondents from transferring him from the United States Naval Base at Guantanamo Bay, Cuba, to the country of Egypt, where he is a citizen, and petitioner's motion for a preliminary injunction regarding the production of documents concerning petitioner's medical condition and medical treatment [#13].[2] After consideration of the parties' submissions, the relevant law, and the entire record herein, the

---

[1] Respondents identify petitioner as Abdul Aziz Al Mossary. Respondents' Memorandum in Opposition to Petitioner's Mot. for a Preliminary Injunction ("Resps.' Opp'n") at 1 n.1.

[2] The Court notes that, although the petitioner's motions were filed with the Court Security Officer on July 15, 2005 and July 21, 2005, respectively, they were not entered on the docket, and thus was not before the Court for consideration, until August 15, 2005. *See* D.E. # 13.

1



Court DENIES petitioner's motions for the following reasons.

I.  **Legal Standard**

To prevail in a request for a preliminary injunction, the petitioner "must demonstrate 1) a substantial likelihood of success on the merits, 2) that [he] would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." *Katz v. Georgetown Univ.*, 246 F.3d 685, 687-88 (D.C. Cir. 2001) (internal quotations omitted). To prove irreparable harm, however, the petitioner must demonstrate more than a "theoretical" harm – the harm "must be both certain and great." *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). The petitioner in this case has failed to meet his burden.

II.  **Motion for a Preliminary Injunction Concerning Potential Transfer of Petitioner**

Petitioner alleges that he has a "good faith, reasonable belief that he will be rendered to Egypt ... within the near future" unless the Court grants his present motion. Petitioner's Motion For a Preliminary Injunction Barring Rendition to Egypt ("Pet.'s Mot. for a PI Barring Rendition") at 12. The government opposes petitioner's motion on grounds that he has failed to establish any factual or legal basis to grant his request. Respondents' Memorandum in Opposition to Petitioner's Mot. For a Preliminary Injunction ("Resps.'

2

Opp'n") at 1.

Even assuming, without deciding, that the petitioner can demonstrate the existence of factors one, three and four of the aforementioned preliminary injunction standard, the petitioner's motion must nevertheless fail because his proffer of irreparable harm is premised upon unsubstantiated conjecture rather than "certain" or "imminent" harm. *Wisconsin Gas Co.*, 758 F.2d at 674. The petitioner, for example, states that "*[u]pon information and belief, the United States has secretly transferred detainees and terrorist suspects to other countries for interrogation*" and that he has a "*good faith, reasonable belief* that he will be rendered to Egypt ... within the near future ...." Pet.'s Mot. for PI at 12 (emphasis added). Moreover, these unsubstantiated allegations of potential rendition and torture are *directly refuted* by the sworn declarations submitted by the respondents. *E.g.*, Waxman Decl. (Ex. A); Prosper Decl. (Ex. B). Indeed, the respondents' declarations set forth the United States policy *not* to transfer detainees to countries where the United States believes it is more likely than not the detainee will be tortured. Prosper Decl. ¶ 4.

In the final analysis, to conclude that the petitioner will "certainly" or "imminently" suffer irreparable harm if the injunction is not granted would require the Court to assume that the United States policy and practice, as set forth in the respondents' sworn declarations, are disingenuous. The Court has no basis upon which to reach such a conclusion. *See Almurbati, et al v. Bush, et al.*, 366 F. Supp. 2d 72, 78 (D.D.C. Apr. 14, 2005) (Walton, J.) (denying preliminary injunction where government had submitted declarations of "high-level

officials" containing assurances that the detainees would not be transferred to a contrary where they will be subjected to torture or mistreatment). Moreover, the petitioner has failed to offer any direct evidence rebutting the respondents sworn declarations. Accordingly, based upon the record presented, the factors required for the issuance of a preliminary injunction, and the entire record herein, the Court concludes that the petitioner's motion [#15] must be DENIED.

### III. Motion for Preliminary Injunction Concerning Production of Medical Records

On April 7, 2005, the Court stayed this case pending the resolution of all the appeals in *Khalid v. Bush*, No. 04-CV-1142 (RJL), *Boumediene v. Bush*, No. 04-CV-1166 (RJL), and in the *In re Guantanamo Bay Detainee Cases*, No. 02-CV-299. The appeals in these cases will determine whether, and to what extent, detainees at Guantanamo Bay, such as the petitioner here, have any rights under the United States Constitution, statutory law, or international treaties.

The petitioner now seeks an order requiring the production of "a complete set of his medical records, and barring the Respondents from continuing to subject him to gross and intentional medical malpractice." Pet.'s Mot. for Preliminary Injunction Requiring Respondents to Provide His Counsel with a Copy of His Medical Records ("Mot. for PI Concerning Med. Recs.") at 1. He relies upon the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1981, and other international

agreements. *Id.* However, the extent to which the petitioner is even afforded the right to invoke these legal bases is currently under consideration in our Circuit Court. Petitioner's motion, therefore, prematurely presents the Court with the precise situation the stay was designed to prevent. Accordingly, the Court DENIES the petitioner's motion without prejudice.

## ORDER

In accordance with the foregoing, it is hereby

**ORDERED** that the petitioner's motion [#15] is **DENIED**; and it is further

**ORDERED** that the petitioner's motion [#13] is **DENIED**.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge